FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 20  PM 12: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARITHA MERRICK | * | CIVIL ACTION NO. |
| | * | |
| | * | JUDGE |
| vs. | * | |
| | * | MAGISTRATE |
| | * | |
| THE MONEYQUEST CORP. | * | JURY DEMAND |

SECT. N MAG. 4

## CLASS ACTION COMPLAINT

Plaintiff alleges:

### I. PRELIMINARY STATEMENT

1.   This complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "the Act") to recover actual damages, statutory damages, reasonable attorney fees, and costs by reason of the defendant's violation of the Act.

### II. JURISDICTION AND VENUE

2.   Jurisdiction of this court is invoked pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

3.   Venue is appropriate under 28 USC 1391 in that defendant transacts business in this District and the conduct complained of occurred here.

### III. PARTIES

4.   Plaintiff is a citizen of this state and resident of this district. She is a natural person obligated or allegedly obligated to pay a debt and thus, is a consumer within the meaning of 15 U.S.C. § 1692a(3).

5.   The defendant is a foreign corporation, domiciled in Carson City, Nevada. The

1

Fee_____250___
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

defendant is registered to do and regularly does business in this State and can be served through its registered agent for service of process, Anthony Bonifacic, 3516 Lake Trail Dr., Kenner, LA 70065. The defendant uses instrumentalities of interstate commerce and the mails in its businesses, the principal purpose of which is the collection of debts.

6. Defendant is a "debt collector" within the meaning of § 803 of the Act, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about February 18, 2005, defendant caused to be issued correspondence to plaintiff, which plaintiff did receive, a copy of which is attached as Exhibit "A."

8. The correspondence attached as Exhibit "A" purports to be the second written communication made by defendant to plaintiff with respect to the purported debt.

9. The alleged debt sought to be collected by defendant by way of the communication attached as Exhibit "A" is a purported damage assessment alleged to be owed by plaintiff to River Oaks Management, Inc. pursuant to an apartment lease agreement.

10. The amount of the debt alleged to be owed by plaintiff in Exhibit "A" includes a $25.00 "delinquent fee" that is not expressly authorized by the agreement creating the debt. On information and belief, it is the practice of defendant to add a fee of $10.00 to $25.00 to every account turned over to defendant for collection, notwithstanding that said fee is not authorized by the agreement from which the debt sought to be collected arises nor is it otherwise permitted by law.

11. On or about March 18, 2005, defendant caused to be issued correspondence to plaintiff, which plaintiff did receive, a copy of which is attached as Exhibit "B".

12. At no time in the initial communication by defendant to plaintiff or thereafter did defendant notify plaintiff that defendant was a debt collector attempting to collect a debt.

13. At no time following the initial communication with plaintiff did defendant send to plaintiff a written notice containing the validation notice information required by 15 U.S.C. § 1692g(a)(3) - (5).

14. The written correspondence attached as Exhibit "A" and Exhibit "B" was generated by defendant and mailed directly to plaintiff from Irvine, California.

15. At no time from the moment that the correspondence attached as Exhibit "A" or Exhibit "B" was generated until the time said correspondence was placed in the mail to plaintiff did any attorney employed by or affiliated with the Lockwood & Rome law firm review any documents or file materials related to the purported debt nor the correspondence.

**FDCPA**

17. Defendant violated the FDCPA. Defendant's violations include, without limitation, the following:

   a. failing to notify plaintiff of her debt validation rights as provided in 15 U.S.C. § 1692g (a);

   b. failing to disclose in the initial written communication to plaintiff that defendant is a debt collector attempting to collect a debt, in violation of 15 U.S.C. § 1692e (10);

   c. designing, compiling and furnishing a form, namely the documents attached as Exhibits "A" and "B," without limitation, knowing that such form would be used to create the false belief in plaintiff that a person other than the creditor was participating in the collection of or in the attempt to collect a debt, when in fact such person was not so participating, in violation of 15 U.S.C. § 1692j (a);

   d. falsely representing the services rendered or compensation which may be

3

        lawfully received by defendant for the collection of the purported debt, in violation of 15 U.S.C. § 1692e (2)(b);

    e.    falsely representing that the communications contained in Exhibits "A" and "B," without limitation, are from an attorney, in violation of 15 U.S.C. § 1692e (3);

    f.    threatening to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e (5);

    g.    threatens to communicate to a credit reporting agency information that is known, or which should be known, is false, including the failure to communicate that the purported debt is disputed in violation of 15 U.S.C. § 1692e (8);

    h.    distributing written communications that create a false impression as to their source, authorization or approval, in violation of 15 U.S.C. § 1692e (9);

    i.    using a false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e (10);

    j.    using a business, company or organization name other than the true name of the debt collector's business, company or organization; in violation of 15 U.S.C. § 1692e (14);

    k.    attempting to collect an amount not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. § 1692f (1); and

    l.    other violations to be shown through discovery.

18. As a result of the above violations of the FDCPA, defendant is liable to Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, attorney's fees and litigation costs.

## CLASS ALLEGATIONS

19. This action is brought on behalf of a class consisting of all persons to whom letters substantially in the form of Exhibit "A" and/or Exhibit "B" were sent by defendant within the one-year period preceding the date of filing of this complaint.

4

20. The class period is the one year next preceding the filing of the complaint in this action.

21. Plaintiff alleges on information and belief that defendant markets its collection service to creditors on a website (address: www.moneyquestcorp.com) that is available nationwide, so that the class of persons affected by the conduct complained of herein is so numerous that joinder of all members is impractical.

22. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal but non-exclusive issues are:

    a) Whether defendant is a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6)?

    b) Whether defendant failed to comply with the validation notice requirement established in the FDCPA?

    c) Whether defendant failed to notify class members that it was a debt collector attempting to collect a debt?

    d) Whether defendant routinely sought to collect fees from debtors not expressly authorized by the agreements creating the debts?

    e) Whether defendant falsely represented or implied that the communications at issue were generated or reviewed by an attorney?

    f) Whether defendant employs a practice of adding on a fee of $10.00 to $25.00 to every account turned over to defendant for collection, notwithstanding that said fee is not authorized by the agreement from which the debt arises or otherwise permitted by law?; and

    g) all other issues arising from the FDCPA violations described more particularly above that commonly relate to all potential class members.

23. The only individual issue is the identification of the consumers who were contacted by the Defendants, a matter capable of ministerial determination from

5

Defendants' records.

24. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA. Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue their action.

26. Certification of a class is appropriate in that the defendant has acted on grounds generally applicable to the class hereby making appropriate relief with respect to the class as a whole.

## DAMAGES

27. As a result of these violations, plaintiff is entitled to recover actual damages plus a statutory penalty of ONE THOUSAND ($1,000.00) DOLLARS, individually, or an amount up to FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, on behalf of the class, plus reasonable attorney fees and costs of this action as provided by 15 U.S.C. § 1692k(a) against the defendant.

22. Plaintiff demands a trial by jury.

**WHEREFORE,** plaintiff prays for judgment against the defendant and in favor of the class as follows:

   I. Certification of the class pursuant to the applicable rules set forth in the Federal Rules of Civil Procedure.

   II. Declaratory judgment that Defendant's acts violated the FDCPA.

   III. Actual damages for the Plaintiff and the class pursuant to 15 U.S.C. §

        1692k.

IV.    Statutory damages for the Plaintiff and the class pursuant to 15 U.S.C. § 1692k.

V.    Attorney fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k.

VI.    Such other and further relief as may be just and proper.

                            Respectfully Submitted:

                            **KOEDERITZ & WILKINS, LLC**

                            By: _/s/_____
                                W. Paul Wilkins (Bar No. 19830)
                                Gary P. Koederitz (Bar No. 07768)
                                8702 Jefferson Hwy., Ste. A
                                Baton Rouge, LA  70809
                                225.928.9111
                                e-mail: paul@kwlawbr.com

                                AND

                                **LAW OFFICE OF**
                                **E. TRENT McCARTHY**
                                E. Trent McCarthy (Bar No. 19697)
                                P.O. Box 16658
                                Baton Rouge, LA  70893-6658
                                225.767.9055

18600140                    18-119
PO BOX 19785
IRVINE CA 92623-9785

Address Service Requested

**LOCKWOOD & ROME**
ATTORNEYS AT LAW
7884 OFFICE PARK BLVE., STE 100
BATON ROUGE, LA 70809

02/18/05

Aritha Merrick
2533 BARK AVE
MARRERO, LA 70072-5870

Account #: ACVIL(COLA) (LA-456)
Date Incurred: 04/27/04
Amount Due: $ 90.00
Delinquent Fee: $ 25.00
Total Now Due: $ 115.00

Dear Sir/Madam,

As of this date, you have apparently disregarded the previous letter in the above matter. Our client wants their money. Please note your right to dispute this debt or any portion of it continues based on the 30 day period from the receipt of the first attorney letter sent to you.

This is your opportunity to demonstrate a willingness to pay this seriously delinquent debt. Please understand that this firm is a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you respond, you may cause our client to consider further steps, including submission of this debt to a credit bureau, which may seriously affect your future credit standing.

At this time, our client is deciding on further steps. However, while no threat is intended by this letter, it would be in your best interest to reconsider your apparent refusal to pay this debt and avoid any possibility of credit impairment.

Please make your payment directly to my client as shown below, or call them to make the necessary payment arrangement. Please do not send any payment to our office.

Sincerely,

LOCKWOOD & ROME
Attorney at Law

------------------ PLEASE DETACH AND RETURN THIS PORTION IN THE ENCLOSED ENVELOPE ------------------

Aritha Merrck
2533 BARK AVE
MARRERO, LA 70072-5870

Total Amount Due:  $115.00

Amount Paid: $ _____

Account #: ACVIL(COLA) (LA-456)

Tel: (504) 367 - 9273

List any changes of address below:

**MAIL PAYMENT TO:**

River Oaks Management Inc.
P.O. Box 1370
Gretna, LA 70054

TB1A-A2-119

EXHIBIT "A"

19509759  113-75
PO BOX 19785
IRVINE CA 92623-9785

Address Service Requested

LOCKWOOD & ROME
ATTORNEYS AT LAW
P O BOX 524
BATON ROUGE, LA 70769

03/18/05

Aritha Merrick
2533 BARK AVE
MARRERO, LA 70072-5870

Account #: ACVIL_COLA (LA-456)
Date Incurred: 04/27/04
Amount Due: $ 90.00
Delinquent Fee: $ 25.00
Total Now Due: $ 115.00

Dear Sir/Madam,

This office was retained to contact you regarding this delinquent bill. More than thirty days have passed since the first letter was sent to you.

Inasmuch as you have not legitimately disputed this debt, which is long past due, we must now demand immediate payment on our client's behalf. Furthermore, be advised that this firm is a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you do not take immediate action to pay this voluntarily, we must confer with our client, who will make the final determination as to other available alternatives. As was stated previously, these alternatives may impair your credit standing.

This is the final letter asking you to take care of this matter amicably. By paying your bill immediately, our client will not have any further determination to make. The address for payment is listed below (be sure to include the voucher) or call to make proper arrangements with our client immediately to advise them of what you intend to do.

Sincerely,

LOCKWOOD & ROME
Attorney at Law

------------------------ PLEASE DETACH AND RETURN THIS PORTION IN THE ENCLOSED ENVELOPE ------------------------

Aritha Merrick
2533 BARK AVE
MARRERO, LA 70072-5870

Total Amount Due: $115.00

Amount Paid: $ _____

Tel: (504) 367 - 9273

Account #: ACVIL_COLA (LA-456)

MAIL PAYMENT TO:

List any changes of address below:

River Oaks Management Inc.
P.O. Box 1370
Gretna, LA 70054

EXHIBIT
"B"

TD1A-A3-75





**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

05-1904

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Aritha Merrick

**DEFENDANTS**
The Money Quest Corp.

**(b)** County of Residence of First Listed Plaintiff: Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Nevada
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
W. Paul Wilkins (No. 19830)
Kinderitz + Wilkins, LLC, 8702 Jefferson Hwy,
Ste. A, Baton Rouge, LA 70809; (225) 928-9111

Attorneys (If Known)

SECT. N MAG. 4

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT:
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY:
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY:
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

TORTS — PERSONAL INJURY:
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS:
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS:
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY:
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR:
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY:
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS:
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS:
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES:
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 et seq.
Brief description of cause: Fair Debt Collection Practices Act.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 501,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 5-19-05
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____