

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARITHA MERRICK | * | CIVIL ACTION NO. 05-1904 |
| | * | |
| | * | SECTION N    MAG. DIV. 4 |
| VERSUS | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| | * | |
| THE MONEYQUEST CORP. | * | MAG. KAREN WELLS ROBY |

### SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT

Pursuant to the Order Conditionally Certifying Settlement Class, Preliminarily Approving Settlement and Form of Notice and Directing Notice to be Sent to the Settlement Class (hereinafter "Order Conditionally Certifying Class and Preliminarily Approving Settlement"), under Federal Rule of Civil Procedure 23(b)(2), the Court set a hearing for June 20, 2007, at 9:30 a.m. to consider, among other things:

a. Whether the proposed settlement of this litigation was fair, reasonable and adequate, was consistent with the Constitution of the United States and should be approved by this Court;

b. Whether the Court should finalize its certification of the action under Rule 23(b)(2);



c. Whether the Court should enter a Final Judgment approving the settlement, dismissing the action and enjoining and prohibiting the filing of any further litigation with respect to, or based upon, the claims released in the Stipulation of Settlement.

After notice to the Settlement Class Members, and an opportunity to submit objections, argument and evidence in support of, or in opposition to, the proposed settlement, the Court held a final fairness hearing in open Court on June 20, 2007, at 9:30 a.m. The Court, at the final fairness hearing, heard argument and received evidence and made its own determinations regarding the credibility of such evidence. Furthermore, the Court has reviewed carefully the Stipulation of Settlement and the parties' Motions, briefs and evidence in support of final approval. Having fully considered all the evidence, the Stipulation of Settlement, the legal standards under which the Court must evaluate the proposed settlement, the pleadings and earlier filings in this case, and the arguments and briefs of the parties, the Court finds, orders and adjudges as follows:

1. The Court has jurisdiction over this Litigation and over each of the parties and all members of the Settlement Class.

2. The Litigation satisfies the prerequisites for class action treatment under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Settlement Class is ascertainable, and the members of the Settlement Class are so numerous that joinder of all members is not practicable. Further, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the Settlement Class, and the Class Representative has fairly and adequately protected the interests of the Settlement Class.

3. Notice to the Settlement Class has been provided in accordance with the Court's Order Conditionally Certifying Class and Preliminarily Approving Settlement. The Notice prepared

by the Parties apprised the members of the Settlement Class of the pendency of the Litigation, all material elements of the proposed settlement, the *res judicata* effects on members of the Settlement Class and their opportunity to object to or comment on the settlement and appear at the fairness hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the fairness hearing. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order and Final Judgment.

4. The Stipulation of Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties respectively. The settlement discussions took place after written discovery and included, among other things, the exchange of numerous proposals, extensive telephonic and in-person conversations among counsel and two settlement conferences with this Honorable Court.

5. Defendant MoneyQuest provided a verified financial statement as of July 27, 2006, to plaintiff's counsel confirming that as of that date, MoneyQuest had negative net worth and, consequently, that no statutory damages are recoverable in this litigation.

6. This Litigation was contested from the outset with experienced, capable and diligent counsel on both sides. Given the numerosity of the Class, the statutory cap on available damages in class actions under the Fair Debt Collection Practices Act ("FDCPA"), the net worth of MoneyQuest and the likelihood of success on the merits, the Parties agreed that a prompt resolution of this matter on the terms set forth in the Stipulation of Settlement was the most beneficial for the Class.

7. Through the date of the fairness hearing, no members of the Settlement Class have filed an objection to the settlement.

3

8. The Litigation presents difficult and complex issues as to liability and damages as to which there is substantial grounds for differences of opinion.

9. The class settlement, as set forth and defined in the Stipulation of Settlement, is fair, reasonable and adequate in light of the complexity, expense and risks involved in establishing liability and damages and in maintaining the class action through trial and appeal and the likelihood of success on the merits.

10. Pursuant to Rule 23, Fed. R. Civ. Pro., this Court hereby approves the settlement, as set forth in the Stipulation, and finds that the settlement is in all respects fair, reasonable and adequate to the members of the Settlement Class. Accordingly, the settlement shall be, and hereby is, consummated in accordance with the terms of the Stipulation.

11. For purposes of this settlement and the Stipulation only, the Court certifies a non-opt-out Settlement Class consisting of all persons residing in the United States at any time and who at any time through the effective date of the Stipulation were mailed one or more letters by MoneyQuest, a mail house service at the direction of MoneyQuest or otherwise on behalf of a MoneyQuest client substantially in the form of any letter attached to the Complaint as Exhibits A and B, which letters were not returned to sender and/or were not undelivered by the United States Post Office. Excluded from the Settlement Class are those persons who: (1) were deceased prior to their receipt of the letter; (2) currently are in bankruptcy; (3) any persons with pending claims against MoneyQuest relating to such letters; and (4) all judicial officers in the United States and all their relatives within the third degree of kinship.

12. The Court approved Aritha Merrick as Class Representative for settlement purposes.

13. The Court finds that the below listed counsel have fairly and adequately represented the interests of the Class Representative and of the members of the Settlement Class, and the Court appoints them as Class Counsel for the Settlement Class:

> Mr. W. Paul Wilkins
> Mr. Gary P. Koederitz
> Koederitz & Wilkins, LLC
> 8702 Jefferson Highway, Suite A
> Baton Rouge, LA 70809

14. The Court finds that the promises and commitments of the Parties under the terms of the Stipulation constitute fair value given in exchange for the releases of all settled claims against MoneyQuest and that considering the clarification to MoneyQuest's account data input format as provided in Paragraph 22 of the Stipulation, MoneyQuest's practices comply with the FDCPA. The Court makes no finding of any violation prior to the clarification.

15. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding and dispute arising out of the settlement.

16. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and MoneyQuest or any released party which in any way relates to the applicability or scope of the Stipulation or this final Settlement Approval Order and Final Judgment shall be presented exclusively to this Court for resolution by this Court.

17. The Joint Motion for Final Approval of Class Action Settlement is hereby granted in all respects.

18. The Stipulation of Settlement submitted by the Parties is finally approved as fair, reasonable and adequate and in the best interests of the Class, and the Parties are directed to consummate the Stipulation in accordance with its terms.

19. Pursuant to 28 U.S.C. § 1715, Defendant has served upon the appropriate federal and state officials the information and/or documentation set forth in 28 U.S.C. § 1715(b).

20. Plaintiff and all members of the Settlement Class are enjoined and prohibited from commencing or prosecuting any action, either directly, individually, representatively or in any capacity, asserting any claims that are released under the Stipulation of Settlement and this Final Judgment.

21. Class Counsel has applied for an award of attorneys' fees to be paid pursuant to the terms of the Stipulation. Having reviewed the Petition for Attorneys' Fees and supporting documentation provided by Class Counsel, this Court awards Class Counsel attorneys' fees of $5,000.00 and awards Ms. Merrick $1,000.00 in costs to be paid as set out in the Stipulation. Said fees and expenses are hereby determined by the Court to be fair, reasonable and entirely appropriate. No other fees, costs or expenses or amounts of any kind may be awarded to any counsel for plaintiff in connection with this action or any related action.

22. Pursuant to Rule 54(b), Fed. R. Civ. Pro., there being no just reason for delay, this Judgment shall be entered as final and appealable.

New Orleans, Louisiana, this 20th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE

165990